# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**LARRY CRAIGMYLE,**

        **Plaintiff,**

**v.**                                                        **Case 2:13-cv-02820-SHM-cgc**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT AND ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Before the Court are Defendant's Motion to Dismiss (Docket Entry "D.E." #13), Defendant's Motion, in the alternative, for Summary Judgment (D.E. #15)[1], and Plaintiff's Motion for Summary Judgment (D.E. #16). The instant motions were referred to the United States Magistrate Judge pursuant to 28 U.S.C. Section 636(b)(1)(B)-(C) for report and recommendation. For the reasons set forth herein, it is recommended that Defendant's Motion to Dismiss be GRANTED and that Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment are MOOT.

## I. Background

On October 21, 2013, Plaintiff filed a Complaint pursuant to 28 U.S.C. § 1346(b)(1) and 28

---

[1] Defendant's request, in the alternative, for summary judgment is contained in its Reply to its Motion to Dismiss.

1

U.S.C. §§ 2671-2680 of the Federal Tort Claims Act ("FTCA"). Plaintiff alleges that the Department of Veterans Affairs failed to prescribe him Ativan (Lorazepam) and failed to provide him a complete copy of his medical records. (Compl. ¶¶ 10, 17). Plaintiff alleges that the date of injury was December 3, 2011, which he further alleges is when he received 199 pages of his medical records from Assistant United States Attorney Gary Vanasek ("Attorney Vanasek") (*Id.* ¶¶ 7, 13). Plaintiff states that this copy of his medical records does not include "the ENT Encounter Form" of his visit to the Memphis Veterans Affairs ("VA") Hospital on February 23, 1999 when he was prescribed Cetirizine and Fluticasone Prop. (*Id.* ¶ 13). Plaintiff alleges that a Certificate of Good Faith is not required to be filed with his Complaint pursuant to Tennessee Code Annotated Sections 29-26-122(a) & (c) because of the failure of the VA to timely provide complete copies of his medical records. (*Id.* ¶ 15). Plaintiff further filed an attachment to his Complaint titled "Certificate of Good Faith" that states that such a certificate is not required. (*Id.* at 6).

On January 10, 2014, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendant asserts that a Certificate of Good Faith is required to be filed with Plaintiff's Complaint pursuant to Tennessee Code Annotated Section 29-26-122 and that failure to file such a certificate is fatal to Plaintiff's Complaint. On February 6, 2014, Plaintiff filed a Response to Defendant's Motion to Dismiss (D.E. #14) again arguing that a Certificate of Good Faith is not required because he has not been provided a complete copy of his medical records.

On February 20, 2014, Defendant filed a Reply to Plaintiff's Response or, alternatively, a request for summary judgment. (D.E. #15). Defendant asserts that Plaintiff has argued, "in what amounts to an unsworn declaration, that he tried, but failed to obtain a complete copy of his medical record, though he acknowledges receiving 199 pages of his medical record from the undersigned on

2

December 3, 2011." Defendant states that this is insufficient to establish the showing required by Tennessee Code Annotated Section 29-26-122(a) to excuse compliance with the requirement of the filing a Certificate of Good Faith and that Plaintiff's Complaint must be dismissed.

Defendant further attached the Declaration of Patrick Rule, Records Manager and Assistant Freedom of Information Act and Privacy Officer at the VA Medical Center in Memphis, Tennessee. (Reply Exh. 1 ¶ 1). Rule's Declaration states that he inquired in the VA Release of Information database to determine if it reflected any medical records requests made by Plaintiff. (Reply Exh. 1 ¶ 2). Rule's Declaration states that Plaintiff requested his medical records on August 1, 2007 and that the request was granted. (Reply Exh. 1 ¶ 3). Rule's Declaration further attached a copy of an email he sent to Regional Counsel, which contains a screen shot of the report page generated by the Release of Information search that shows his August 1, 2007 request was granted and does not show any further record requests from Plaintiff. (Reply, Exh. 1 ¶ 3 & at 2).

On March 20, 2014, Plaintiff filed a Motion for Summary Judgment and Sur-Reply. (D.E. #16). Plaintiff states that he has "made multiple requests of the VA to provide a complete copy" of his medical records, that he "received more than one installment," including from the "VA Medical Records Department, the VA Pharmacy, [and] Congressman Berry." (Pl.'s Mot. for Summ. J. at 1). Plaintiff states that he "researched the various installments and learned the medical records were not complete." (*Id*.) He states that he "parsed and indexed the records by office visit date, source, clinic, date records received, the dates on [his] Patient Data Card and prescription(s) giving [him] a description of the activities of the V.A." (*Id*.) He states that he received records in September, 2007 from his Release of Information request to the VA but that these were "an incomplete copy." (*Id*.)

3

Plaintiff argues that the Defendant's screen shot "is not evidence of the content of the medical records" and is not "the original ENT Encounter Form of [his] office visit to the VA Hospital in Memphis on February 23, 1999 . . . ." (*Id.* at 2). Plaintiff argues that the "Pharmacy records show the VA first issued and filled a prescription for Cetirizine and Fluticasone Prop" but that the December 2011 copy of his medical records did not contain the "ENT Encounter Form" documenting these prescriptions. (*Id.*) Plaintiff asserts that other physicians prescribed and continue to prescribe him Ativan (Lorazepam) even though the VA failed to do so. (*Id.* at 2-3).

Plaintiff attached to his Motion for Summary Judgment ten exhibits, which he describes as follows: (1) description of activities in quest to obtain a complete copy of his VA medical records; (2) copy of the VA reply cover letter for his Release of Information request; (3) copy of the VA pharmacy records; (4) copy of letter from Mr. Delante for Ms. Pittman, CEO of Memphis VA; (5) copy of the December 2011 medical record installment from Attorney Vanasek; (6) copy of the Walmart on Riverdale in Memphis pharmacy records; (7) partial list of pharmacy records currently available onsite from Walgreens in Jonesboro, Arkansas; (8) copy of the VA Patient Data Card; (9) Copy of the Walmart in Jonesboro Pharmacy records; and, (10) copy of the AARP Pharmacy records. (*Id.*, Exh. 1). Plaintiff also filed two supplemental filings (D.E. #17, #18) of exhibits to his Motion for Summary Judgment.

## II. Proposed Analysis

### A. Defendant's Motion to Dismiss (D.E. #13)

First, Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a claim may be dismissed for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

4

In addressing a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in the light most favorable to plaintiff and accept all well-pled factual allegations as true. *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . .claim is and the grounds upon which it rests." *Id.* (citing *Twombly*, 550 U.S. at 555).

Nonetheless, a complaint must contain sufficient facts "state a claim to relief that is plausible on its face'" to survive a motion to dismiss. *Twombly*, 550 U.S. at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 US. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." *Id.* at 678-79.

Pleadings and documents filed by pro se litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, "the lenient treatment generally accorded to pro se litigants has limits."

*Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). The basic pleading essentials are not abrogated in pro se cases. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) A pro se complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted). District Courts "have no obligation to act as counsel or paralegal" to pro se litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004). District Courts are also not "required to create" a pro se litigant's claim for him. *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

The sole issue before the Court on Defendant's Motion to Dismiss is whether Plaintiff's purported justification for failing to file a Certificate of Good Faith is sufficient to meet the requirements of Rule 12 and Tennessee Code Annotated Section 29-26-122.[2] Section 29-26-122(a) provides as follows: "In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a).

The Certificate of Good Faith shall state that the plaintiff or the plaintiff's counsel has consulted with one or more experts who have provided a signed written statement confirming that,

---

[2] While Defendant additionally fully briefed in its Motion to Dismiss the issues of whether Tennessee Code Annotated Section 29-26-122 applies to FTCA actions in anticipation of any such challenge by Plaintiff, Plaintiff has not disputed its applicability to his claims.

6

upon information and belief, they are (A) competent to express an opinion or opinions in the case pursuant to Section 29-26-115 and either that (B) they believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115 or (C) that they believe that, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Tenn. Code Ann. § 29-26-122(a).

"Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification." *Id*. Tennessee Code Annotated Section 29-26-122(c) further provides, in pertinent part, that the "failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice." Tenn. Code Ann. § 29-26-122(c).

Upon review, Section 29-26-122 is silent on the "showing" required to demonstrate that the failure to file a Certificate of Good Faith was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121. Plaintiff's Complaint and Certificate of Good Faith asserts that an "ENT Encounter Form" regarding the February 23, 1999

prescriptions of Cetirizine and Fluticasone Prop that is not part of the records Plaintiff has received is sufficient to excuse the filing of the Certificate of Good Faith. However, Plaintiff's allegations of violations of the FTCA do not pertain to any prescriptions of these medications or of any medical services rendered on that date. Instead, Plaintiff alleges that Defendant violated the FTCA by failing to prescribe Ativan (Lorazepam) and failing to provide a complete copy of his medical records. Plaintiff further alleges that his date of injury was December 3, 2011—nearly thirteen years after the alleged "ENT Encounter" on February 23, 1999 on which Plaintiff was allegedly prescribed Cetirizine and Fluticasone Prop.

While other courts have only rarely had occasion to consider the failure to file a Certificate of Good Faith due to a defendant's failure to provide medical records, they have only excused such a failure under significantly more compelling circumstances. For example, in *Truth v. Eskioglu*, 781 F. Supp. 2d 630 (M.D. Tenn. 2011), the plaintiff had executed a medical authorization to release her medical records but did not obtain "any" such records from that attempt. *Id*. at 632-33. Despite her lack of complete medical records, the plaintiff contacted a surgeon who sought to opine as a medical expert that the plaintiff "was the victim of medical malpractice" based upon the records that she already possessed independent of her request for her complete medical records. *Id*. The surgeon stated, though, that he "want[ed] to review the entire chart before providing a written report about the malpractice and the harms resulting therefrom." *Id*. at 633. For this reason, the plaintiff's initial Complaint did not contain a Certificate of Good Faith; however, the plaintiff filed a First Amended Complaint contained a Certificate of Good Faith setting forth the circumstances of the ongoing attempt to obtain full medical records. *Id*. The Certificate of Good Faith stated that the surgeon believed there was a good-faith basis for the plaintiff's suit but that his opinion was "conditioned"

8

upon the review of her "entire chart." *Id*.

The *Truth* court found it to be compelling that the plaintiff did consult with a doctor before filing her suit "to make sure that she had a good-faith basis for maintaining this action" and that the doctor made it "clear" that he believed from the records he was able to already review that there was "strong evidence" that the plaintiff had been the victim of medical malpractice. *Id*. Because of the plaintiff's extensive efforts to obtain a medical expert and to have him review the portions of records that she did possess and the medical expert's belief of strong evidence of medical malpractice, the *Truth* court found that this is "not the type of frivolous action that the Medical Malpractice Act seeks to prevent" and that her action should not be dismissed.

In contrast, Plaintiff has not mentioned any consultation with a proposed medical expert. Such a consultation is central to the purpose of the Certificate of Good Faith. As Plaintiff does not appear to have sought the opinion of a medical expert, he has not given such an individual the opportunity to review the medical records, to determine if the medical records are complete, at least as to the claims raised in Plaintiff's suit, or to make any judgment as to whether there is a good faith basis to maintain his action.

Plaintiff's failure to consult with a proposed medical expert in any way is even more concerning due to Plaintiff's own description of the deficiencies he believes exist in his copies of the medical records. Specifically, Plaintiff asserts that an ENT Encounter Form from a February 23, 1999 visit when he was prescribed Cetirizine and Fluticasone Prop is missing from his copies of his medical records. Yet Plaintiff has provided no information as to how such a document is related to his claims that the VA failed to prescribe him Ativan (Lorazepam). This is particularly striking given that Plaintiff has admittedly obtained 199 pages of medical records from the VA, in addition

9

to previously obtained medical records from prior requests. Plaintiff also does not explain how the ENT Encounter Form would pertain to his allegations in this suit, which he alleges occurred on December 3, 2011—nearly thirteen years later.

If the Court were to allow Plaintiff's purported Certificate of Good Faith to meet the "showing" required by Section 29-26-122, any plaintiff would be able to suggest that the lack of any notation or form that he or she believes should be in the medical records is sufficient to excuse the filing of a Certificate of Good Faith. This would be the case regardless of whether the date, treatment, or other details of the alleged missing record had any relation to the claims in the plaintiff's action.

Instead, Section 29-26-115 provides the procedure that Plaintiff should have followed even if he believed his 199 pages of medical records were incomplete. Specifically, Plaintiff should have filed a Certificate of Good Faith that he had consulted with one or more experts who have provided a written statement confirming, upon information and belief, that they are competent under 29-26-115. Tenn. Code Ann. § 29-26-122(a)(1)(A) & (a)(2)(A). The Certificate of Good Faith then should have contained the proposed medical expert's opinion either that he or she believes there is a good faith basis to maintain the action, Tenn. Code Ann. § 29-26-122(a)(1)(B), or that "there are facts material to the resolution of the case that cannot be reasonable ascertained from the medical records or information reasonably available to the plaintiff or the plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action . . . ." Tenn. Code Ann. § 29-26-122(a)(2)(B). Plaintiff did not comply with any of these statutory requirements to prevent the mandatory dismissal of his action.

As Plaintiff's purported Certificate of Good Faith does not satisfy Section 29-26-115, and

as a failure to comply "shall, upon motion, make the action subject to dismissal with prejudice," it is recommended that Defendant's Motion to Dismiss be GRANTED and that Plaintiff's Complaint be dismissed with prejudice. It is further recommended that Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment are MOOT.

**DATED** this 9th day of May, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**