# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LARRY CRAIGMYLE, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:13-cv-02820-SHL-cgc |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Magistrate Judge's Report and Recommendation on Defendant's Motion to Dismiss for Failure to State a Claim, or, in the Alternative, Motion for Summary Judgment and on Plaintiff's Motion for Summary Judgment, filed May 9, 2014. ("Rep. and Recommendation," ECF No. 19.) *Pro se* Plaintiff Larry Craigmyle ("Mr. Craigmyle") sued the United States government, alleging violations of the Federal Tort Claims Act ("FTCA"), U.S.C. §§ 2671-2680. (ECF No. 1 at 2.) Defendant filed a Motion to Dismiss for Failure to State a Claim on January 10, 2014. (ECF No. 13.) Plaintiff responded on February 6, 2014. (ECF No. 14.) Defendant filed a Reply to Plaintiff's Response on February 20, 2014. (ECF No. 15). Plaintiff filed a Motion for Summary Judgment and Sur Reply to that reply on March 20, 2014. (ECF No. 16.) After the Magistrate Judge's May 9, 2014, issuance of her Report and Recommendation, Plaintiff filed a timely objection on May 22, 2014. (ECF No. 20.)

For the reasons set forth below, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Defendant's Motion to Dismiss is GRANTED. The Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment are MOOT.

I. STATEMENT OF THE CASE

Mr. Craigmyle asserted multiple grounds for relief in his lawsuit against the government. First, he alleged that the Department of Veterans Affairs Mental Health Clinic violated the

standard of care when it failed to prescribe him Lorazepam (Ativan). (ECF No. 1 at 2, 3.) Mr. Craigmyle asserts that "the VA destroyed my life by not prescribing Lorazepam." (ECF No. 20 at 1.) Mr. Craigmyle said that he received a prescription for Ativan on April 30, 1999, after visiting a walk-in emergency clinic in Memphis. (ECF No. 1 at 3.) According to Mr. Craigmyle, he has been taking the drug since that time and it has made his life better. (ECF No. 20 at 1.) Plaintiff also alleged that while the Department of Veterans Affairs ("VA") provided him with 199 pages of his medical records, the record was incomplete because it failed to include a record of his visit to the Veterans Affairs Hospital on February 23, 1999. (Id. at 3.)

In its Motion to Dismiss, Defendant alleges that Mr. Craigmyle's cause of action should be dismissed for failure to state a claim because he failed to file an accompanying certificate of good faith, as is required in medical malpractice cases under Tennessee Code Annotated § 29-26-122, and that his reasons for failing to do so were statutorily deficient. (ECF No. 13 at 1-2.) Under Tennessee Code Annotated § 29-26-122, a medical malpractice plaintiff or his counsel must file a certificate with his complaint that confirms that he has consulted with a medical expert who meets the expert witness competency requirements of Tennessee Code Annotated § 29-26-115. Tenn. Code Ann. § 29-26-122(a)(1)(A). That certificate must also include a statement from the expert that "there is a good faith basis to maintain the action." Tenn. Code Ann. § 29-26-122(a)(1)(B). A "refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification." Tenn. Code Ann. § 29-26-122(a)(2)(B). In instances where "there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel," an expert can also provide a written

statement that provides that there is a "good faith basis for maintaining the action." Tenn. Code Ann. § 29-26-122(a)(2)(B). If a Plaintiff fails to file the certificate of good faith, the complaint shall be dismissed "absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested . . . or demonstrated extraordinary cause." Tenn. Code Ann. § 29-26-122(a).

In his complaint, Mr. Craigmyle simultaneously asserted that the VA's failure to provide him complete copies of his medical records obviated the need to file a certificate of good faith, and also filed a document purporting to be a certificate of good faith. (ECF No. 1 at 6.) The document declared that he had not received a complete copy of his medical records and contained his signature at the bottom. (Id.) The certificate of good faith Mr. Craigmyle included contained no statements of any experts, and correspondingly lacked any expert opinions declaring that there was a good faith basis to maintain his cause of action.

II.   STANDARD OF REVIEW

A Magistrate Judge may submit to a judge of the court proposed findings of fact and recommendations for the disposition of a motion to dismiss. 28 U.S.C. § 636(b)(1)(B). "A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. When neither party objects to the Magistrate Judge's factual or legal conclusions, the district court need not review those findings under a *de novo* or any other standard. Thomas, 474 U.S. at 150.

III.   ANALYSIS

The sole issue before the Magistrate Judge on the Defendant's Motion to Dismiss was whether Plaintiff's justification for failing to file a certificate of good faith was sufficient to meet the requirements of Rule 12(b)(6) of the Federal Rules of Civil Procedure and Tennessee Code Annotated § 29-26-122.  (Rep. and Recommendation at 6.)  The Magistrate Judge determined that Plaintiff's purported certificate of good faith failed to meet the statutory requirements set forth in § 29-26-122.  (Id. at 10-11.)  Specifically, the Magistrate Judge found that Mr. Craigmyle did not demonstrate that his failure to file a certificate of good faith was due to the failure of the VA to timely provide copies of Mr. Craigmyle's records or for some other demonstrated extraordinary cause.  In addition, the Magistrate Judge declared that "Plaintiff does not appear to have sought the opinion of a medical expert, he has not given such an individual the opportunity to review the medical records, to determine if the medical records are complete, at least as to the claims raised in Plaintiff's suit, or to make any judgment as to whether there is a good faith basis to maintain this action."  (Rep. and Recommendation at 9.)

In his response to the Magistrate Judge's Report and Recommendation, Mr. Craigmyle reiterated the allegations that the records he was provided by the VA were incomplete.  (ECF No. 20 at 1-2.)  He appears to have attempted to remedy the lack of a certificate of good faith by including a "Certificate of Good Faith expert medical opinion of Dr. John House, M.D."  (ECF 20-1.)  The relevant portion of that document is reproduced below:

> To Whom It May Concern:
>
> Mr. Larry Craigmyle was seen in our office today.  Mr. Craigmyle presented me with a copy of a medication profile dated June 6, 2002 and stated that these records were from the Department of Veterans Affairs.

4

> Upon on (sic) review of this medication profile, I noted that the first two medications were Cetirizine and Fluticasone. However, I did not see a listing for Ativan.
>
> I prescribed Ativan for Mr. Craigmyle on 03/18/2014. Mr. Craigmyle has shown a good response to this medication.

(ECF No. 20-1 at 2.)

Even if the Court were inclined to accept the certificate of good faith at this stage of the proceedings, what Mr. Craigmyle presents as a certificate of good faith does not qualify as an expert's finding that, after having reviewed the record, there is a good faith basis for maintaining the action. Dr. House's declaration does not state that the VA's failure to prescribe Mr. Craigmyle Ativan potentially made him the victim of medical malpractice. Rather, the statement only confirms that the records indicate that Mr. Craigmyle had been prescribed different drugs in June 2002, and that Mr. Craigmyle has responded positively to the Ativan which Dr. House has been prescribing him since March 2014. In other words, Mr. Craigmyle has still not provided any evidence to support the proposition that the reason he could not file a certificate of good faith was due to the VA's failure to provide timely copies of his record. The physician's statement that was provided fails to establish that there was a good faith basis for maintaining this suit.

To the extent that Mr. Craigmyle's objections address the basis for the Magistrate Judge's findings in her Report and Recommendation, they are not well founded. The Plaintiff's failure to file a certificate of good faith and the lack of any evidence that would demonstrate that the VA's failure to provide him with all of his records caused that failure are fatal to his claim.

IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge's Report and Recommendation are ADOPTED. The Defendant's motion to dismiss is hereby GRANTED. The Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment are MOOT.

**IT IS SO ORDERED,** this 20th day of October, 2014.

              /s/ Sheryl H. Lipman
              UNITED STATES DISTRICT JUDGE